In the Matter of the Claim of CHRISTINE SEYLLER and Another, Respondents, against DUNLOP TIRE AND RUBBER CORPORATION, Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to the mother and sister of deceased employee, on the ground of dependency. Deceased lived at home and contributed to the support of his mother and sister fifteen dollars each two weeks, and also contributed other amounts from time to time, helped pay taxes and other indebtedness. His father did not have steady work, averaging about twenty dollars to thirty dollars a week, when working. The home was assessed for $2,600 and was mortgaged for $2,100. The father also owed a note for $450. Deceased contributed ten dollars a month to help pay the note. The sole question raised is that of dependency, and the evidence supports the finding of the Board as to such dependency. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of HARRY GROSS, Respondent, against HEISTEIN & HAYFLICH, INC., Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board. The appellant urges that the policy had been canceled, and that the accident did not arise out of and in the course of the employment. The evidence justified the finding of the Board in both respects. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of JAMES J. CONNELLY, JR., Respondent, against JAMES J. CONNELLY, Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award made by the State Industrial Board. The employer was engaged in the business of shipwrecking and the claimant was employed as a foreman and laborer. The appellant raised the points that there was no coverage as the work was being done by a copartnership and that the claimant sustained his injuries on a boat in navigable waters. The work being done was wrecking two boats without machinery and for the purpose of turning them into scrap iron, and, therefore, the Workmen's Compensation Law applied. (*Matter of Jones* v. *International Mercantile Marine Co.*, 252 App. Div. 347; 277 N. Y. 640.) There was no proof of a partnership but conclusive proof that James J. Connelly, Sr., was the employer and James J. Connelly, Jr., an employee. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.